UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION,<br><br>    Defendant. | Civil Action No. __6:24-cv-30__<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC ("Plaintiffs" or, collectively, "Hyperice") bring this action for patent infringement against CVS Health Corporation ("Defendant" or "CVS").

**THE PARTIES**

1. Plaintiff Hyper Ice, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

2. Plaintiff Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware.

3. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One CVS Drive, Woonsocket, RI 02895. Defendant operates CVS stores throughout this District, including stores at 820 S. 5th St., Waco, TX 76706 and 9001 Woodway Dr., Woodway, TX 76712.

1

4.      On information and belief, either itself or through its subsidiaries, Defendant sells infringing products via its stores in this District and via its website, cvs.com, to consumers in this District, throughout the State of Texas, and throughout the United States.

## NATURE OF THE ACTION

5.      This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 11,857,482 ("the '482 Patent") and U.S. Patent No. D886,317 ("the D'317 Patent").

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of Texas law; and its substantial, continuous, and systematic contacts with the State of Texas and this District. On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of this State; (2) enjoys substantial income from this State; and (3) owns and operates several stores in this District and throughout this State.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

9.      The '482 Patent is entitled "Massage Device Having Variable Stroke Length" and issued on January 2, 2024, claiming priority to Application No. 14/317,573, filed on June 27, 2014,

and Provisional Application No. 61/841,693, filed on July 1, 2013. A true and correct copy of the '482 Patent is attached hereto as Exhibit 1.

10. Philip C. Danby and John Charles Danby are the named inventors of the inventions disclosed in the '482 Patent. Hyperice IP Subco, LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the owner of the '482 Patent. Hyper Ice, Inc. is a licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '482 Patent.

11. This action arises out of Defendant's direct infringement of the '482 Patent.

12. Since at least 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro, all of which are covered by one or more claims of the '482 Patent.

13. Defendant offers for sale and/or sells products that infringe the '482 Patent, including but not limited to the Sharper Image (Powerboost Massager Percussion Device, Powerboost Move Portable Percussion Massager, PowerBoost Pro Hot + Cold Percussion Massager, Powerboost Flex Pivot Percussion Massager); Homedics (Duo Percussion Massager); Evertone (Evertone Prosage Percussion Massager),TRAKK (Beast 6 Speed Percussion Massage Gun (D317), Pistol Percussion Massage Gun, Portable Deep Tissue Massage Gun); AmaMedic (6 Mini Massage Gun), Pursonic (6 -Speed Pro Massager Gun).

14. The D'317 Patent is entitled "Percussive Massage Device" and issued on June 2, 2020 from Application No. 29/716,546, filed on December 10, 2019, a continuation of application No. 29/690,791, filed on May 10, 2019, now U.S. Patent No. D874,015, which is a division of application No. 29/637,855, filed on Feb. 22, 2018, now U.S. Patent No. D855,822. A true and correct copy of the D'317 Patent is attached hereto as Exhibit 2.

15. Robert Marton and Anthony Katz are the named inventors of the inventions disclosed in the D'317 Patent. Hyperice IP Subco, LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the owner of the D'317 Patent. Hyper Ice, Inc. is a licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the D'317 Patent.

16. This action arises out of Defendant's direct infringement of the D'317 Patent.

17. Since at least 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including but not limited to the Hypervolt and Hypervolt Plus, which are covered by the D'317 Patent.

18. Defendant offers for sale and/or sells products that infringe the D'317 Patent, including but not limited to the Pursonic 6 -Speed Pro Massager Gun.

## COUNT 1 – PATENT INFRINGEMENT

19. Hyperice incorporates by reference the allegations in Paragraphs 1- 13 above.

20. Defendant has infringed and continues to infringe the '482 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the infringing products at issue in this case.

21. Defendant infringes at least Claim 1 of the '482 Patent. Defendant offers for sale and/or sells infringing products, battery-powered percussive massagers that include the following claim limitations, either literally or under the doctrine of equivalents:

   a. a housing;

   b. a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;

    c. a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

    d. a drive mechanism that controls a predetermined stroke length of the piston; and

    e. a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

22. Defendant's infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

23. As a result of Defendant's infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Defendant.

## **COUNT 2 – PATENT INFRINGEMENT**

24. Hyperice incorporates by reference the allegations in Paragraphs 1-13 above.

25. Defendant has infringed and continues to infringe the D'317 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the infringing products at issue in this case.

26. Defendant's infringement of the D'317 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284 and/or Defendant's total profit pursuant to 35 U.S.C. §289. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

27. As a result of Defendant's infringement of the D'317 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the D'317 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Hyperice prays for the following relief:

1. That this Court enter judgment of infringement of the '482 Patent and D'317 Patent in favor of Hyperice and against Defendant;

2. That this Court enter a permanent injunction against Defendant from infringing the '482 Patent and D'317 Patent;

3. That this Court award Hyperice compensatory damages for infringement of the '482 Patent and D'317 Patent, as well as interest thereon;

4. That this Court award Hyperice its costs of suit;

5. That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action;

6. That this Court award Hyperice prejudgment and post-judgment interest; and

7. That this Court grant such further relief as the Court deems just and proper.

## JURY DEMAND

Hyperice requests a jury trial on any issues triable of right by a jury.

Dated: January 16, 2024

SCOTT DOUGLASS & McCONNICO LLP

Respectfully submitted,

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz (No. 00796136)
303 Colorado Street, Suite 2400
Austin, TX. 78701
(512)495-6300
pamstutz@scottdoug.com

Ben Herbert
(pro hac vice application forthcoming)
Miller Barondess LLP
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
310.552.4400
bherbert@millerbarondess.com

*Attorneys for Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC*